UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN NICOSKI, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANKRATE, INC., a Delaware corporation,<br><br>Defendant. | CLASS ACTION COMPLAINT AND DEMAND FOR A JURY TRIAL |

## INTRODUCTION

1. "[T]he right to be let alone -- the most comprehensive of rights and the right most valued by civilized men." Olmstead v. United States, 277 U.S. 438 (1928) (Justice Louis D. Brandeis, *dissenting*). In congruence with this fundamental right to privacy, Plaintiff files this class action complaint alleging violations of 47 U.S.C § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). For over four years preceding this action, Defendants engaged in a campaign of invasively marketing to consumers who placed their telephone numbers on the National Do Not Call Registry.

2. Over the past four years, the Defendant or some third party on its behalf has placed thousands, perhaps millions, of telemarketing calls in violation of the TCPA. By effectuating these calls, Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies unsolicited telephone marketing, but also because consumers frequently have to pay their cell phone

service providers for "minutes" of wireless telephone usage. In order to redress these injuries, Plaintiff, on behalf of himself and the proposed class of similarly situated individuals, brings this suit under the TCPA, which specifically prohibits unsolicited, marketing calls to persons who have registered their phone number on the National Do Not Call Registry. On behalf of the class, Plaintiff seeks an injunction requiring the Defendant to cease all telephone marketing in violation of the TCPA, and an award of statutory damages to the class members, together with costs and reasonable attorney's fees.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over Plaintiff's individual claim pursuant to 28 U.S.C. § 1331 as this is a civil actions arising under the Constitution, laws, or treaties of the United States. *See* <u>Mims v. Arrow Financial Services, LLC</u>, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendants conduct business in this District, and the calls that are the subject of this action were directed to plaintiff while he was in this district.

## PARTIES

4.  Plaintiff, Steven Nicoski, is a natural person and a citizen of the State of Minnesota, residing in Dakota County, Minnesota

5.  Defendant Bankrate, Inc. is a corporation incorporated and existing under the laws of the state of Delaware with its principal place of business located at 11760 U.S. Highway 1, Suite 200, North Palm Beach, Florida 33408. Defendant Bankrate operates nationally through a brand and/or division known as "Bankrate Insurance." By

its own designation, Bankrate Insurance is "[h]eadquartered in Denver, Colorado" at 1860 Blake Street, Suite 900, Denver, Colorado 80202.

## FACTS

6.  Plaintiff's telephone number has been on the National Do Not Call Registry since at least May 20, 2013.

7.  On or about July 10, 2013, Plaintiff received an unsolicited telephone call from telephone number (877) 484-0185.

8.  Specifically, Plaintiff received telephone calls from (877) 484-0185 on following dates and times:

- July 10, 2013, at 9:36 a.m. (CDT)
- July 10, 2013, at 10:43 a.m. (CDT)
- July 10, 2013, at 3:06 p.m. (CDT)
- July 11, 2013, at 9:34 a.m. (CDT)
- July 15, 2013, at 5:29 p.m. (CDT)

These are only the calls of which plaintiff has records. Upon information and belief, there were more such calls.

9.  The calls from (877) 484-0185, which are the subject of this case, were made by or on behalf of Defendant Bankrate, for the purpose of selling Bankrate goods or services.

10. These calls were made using a Five9 predictive dialer, or similar dialing system.

11. Plaintiff never consented to, requested, or had any desire to receive phone calls from Defendant Bankrate, its agents or affiliates. During the time of or prior to Plaintiff receiving calls from Defendant, he was not searching for insurance and had not submitted his contact information to any entity for the purpose of receiving an insurance quote.

12. By making these phone calls, Defendant has caused Plaintiff and the putative Class members actual harm in that Plaintiff and members of the Class were subjected to the aggravation and nuisance that necessarily accompanies unsolicited, telemarketing phone calls.

13. Bankrate's policy regarding compliance with the National Do Not Call Registry is either nonexistent or insufficient. Although counsel inquired as to what the policy was pursuant to 47 C.F.R. § 64.1200(d)(1), Bankrate has not responded.

14. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide Class of similarly situated individuals, brings suit under the TCPA, which prohibits the making telemarketing calls to telephone numbers, which appear on the National Do Not Call Registry.

## CLASS ALLEGATIONS

15. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class defined as follows:

> All persons in the United States to whom BANKRATE (or any affiliate or other person on its behalf) placed more than two telephone calls in a 12 month period to a telephone number that had been registered more than thirty days previously with the National Do Not Call Registry, during the four year

period prior to the filing of the complaint in this case through the date of certification.

Excluded from the class are persons who applied to Bankrate within three months of either call, or who had a voluntary transaction with Bankrate within 18 months of either call.

16. These calls were made to telephone numbers obtained from a bulk list, which includes the named Plaintiff and the putative class members (by Defendants or Defendants' agents).

17. Some of the calls Defendant Bankrate made were to telephone numbers that had been on the National Do Not Call Registry for more than thirty days.

18. Upon information and belief, some or all of the telemarketing calls that are the subject of this case without first scrubbing the numbers against the National Do Not Call Registry database.

19. This, despite the fact that Bankrate was sued in 2012 for violations of other portions of the Telephone Consumer Protection Act. *Speight v. Bankrate, Inc.*, 1:12-cv-02638-CMA-KMT (D.Colo.).

20. Upon information and belief, Defendants obtained plaintiff and other class members' phone numbers from the phone book. Alternatively, they used an Internet based program to upload a list containing tens of thousands of consumers' telephone numbers.

21. **Numerosity.** The exact number of the members of the Class is unknown and not available to the Plaintiff, but it is clear that individual joinder is impracticable. Upon information and belief, Defendant Bankrate has made calls to thousands of

consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records and the National Do Not Call Registry.

22. **Typicality.** Plaintiff's claims are typical of the claims of other members of the Class, as Plaintiff and other members of the Class sustained damages arising out of the wrongful conduct of Defendant, based upon the same types of phone calls made to Plaintiff.

23. **Adequate Representation.** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has not interest antagonistic to those of the Class, and Defendant has no defenses unique to the Plaintiff.

24. **Predominance and Superiority.** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendant. It would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and

expense will be fostered and uniformity of decisions ensured.

25. **Commonality.** There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to the following:

> (a) Whether Defendant Bankrate's conduct violated the TCPA?
>
> (b) Whether the calls to Plaintiff and the Class were made in violation of the Do Not Call portion of the TCPA, 47 U.S.C. § 64.1200(c)?
>
> (c) Whether the Class members are entitled to treble damages because Defendant Bankrate's conduct was willful?
>
> (d) Whether Defendant Bankrate should be enjoined from engaging in such conduct in the future?

## COUNT I

## DO-NOT-CALL REGISTRY PROVISIONS

## OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff incorporates all previous Paragraphs.

27. Defendant or some person on its behalf made one or more unsolicited telemarketing telephone calls within a twelve month period, to potential customers (i.e. members of the class) at phone numbers that were registered on the National Do Not Call Registry.

28. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 227(c)(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendant Bankrate for:

(a) An order certifying this case to proceed as a class action;

(b) Statutory damages of up to $500 dollars per call;

(c) Damages of up to $1,500 dollars per willful or knowing call;

(d) An injunction requiring Defendants to cease all communications in violation of the TCPA's DNC provisions;

(e) A declaration that Defendant Bankrate is vicariously liable for the calls made on its behalf by its agents;

(f) Reasonable attorney's fees and costs; and

(g) Such further relief as this Court may deem appropriate.

## COUNT II

### TCPA RESTRICTIONS ON AUTOMATED CALLS TO CELL PHONES

29. Plaintiff incorporates all previous Paragraphs. This is an individual claim.

30. Defendant called plaintiff's cellular telephone multiple times using an "automatic telephone dialing system" as proscribed by the TCPA. 47 U.S.C. §227(b)(1)(A)(iii).

31. Plaintiff was damaged by these calls.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendant Bankrate for:

(a) Statutory damages of $500 dollars per violation;

(b) Damages of up to $1,500 dollars per willful or knowing call;

(c) An injunction requiring Defendant to stop calling plaintiff's cellular telephone using an automatic telephone dialing system;

(d) A declaration that the calls to plaintiff were made using an "automatic telephone dialing system";

(e) Reasonable attorney's fees and costs; and

(f) Such further relief as this Court may deem appropriate.

                    Respectfully Submitted,

                    **HEANEY LAW FIRM, LLC**

Date: **October 8, 2013**        s/ Mark L. Heaney
Mark L. Heaney
Attorney I.D. #0333219
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305-1773
Telephone: (952) 933-9655
Facsimile: (952) 544-1308
Email: mark@heaneylaw.com

Alexander H. Burke, pro hac vice imminent
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com